cSTATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES ANTHONY DAVIS (SON),

                Plaintiff,

        -against-

HOSIE DAVIS, JR. (FATHER); BEULAH
DAVIS (MOTHER),

                Defendants.

1:20-CV-8125 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, a citizen of New York who appears *pro se* and is presently incarcerated in the Southern Desert Correctional Center, in Indian Springs, Nevada, brings this action against his parents, Hosie Davis Jr. and Beulah Davis, of Medford, Suffolk County, New York, under the Court's diversity jurisdiction. He seeks to proceed *in forma pauperis* ("IFP"). But in an order dated September 14, 2010, the United States District Court for the Southern District of California found that Plaintiff was barred under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from bringing federal civil actions IFP while he is a prisoner. *Davis v. Sapphire Tower*, 3:10-CV-1368, 5, at 2-4 (S.D. Cal. Sept. 14, 2010). For the reasons discussed below, the Court dismisses this action without prejudice under the PLRA.

## DISCUSSION

      Congress adopted the PLRA with the purpose of deterring not only frivolous and malicious civil actions, but also actions that fail to state a claim on which relief may be granted. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1726 (2020). Although the previous version of the IFP statute targeted only frivolous and malicious actions, by amending the IFP statute via "the PLRA, Congress chose to go further – precisely by aiming as well at actions that failed to state a claim. The theory was that a flood of nonmeritorious claims, even if not in any way abusive, was

effectively preclud[ing] consideration of suits more likely to succeed." *Id.* (quoting *Jones v. Bock,* 549 U.S 199, 203 (2007)) (internal quotation marks omitted, alteration in original). To serve this deterrent purpose, the PLRA includes the following "three-strikes" provision:

> [i]n no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1]

Courts are entitled to raise any three-strikes issue on their own motion. *See Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010) (holding that the three-strikes rule may be applied *sua sponte*, since the PLRA was intended to "give district courts greater power to protect their dockets from meritless lawsuits") (citing *Thompson v. DEA*, 492 F.3d 428, 435-36 (D.C. Cir. 2007)) (holding that "evidence showing the grounds for prior dismissals . . . . must be produced either by the defendant challenging the prisoner's IFP status or, when readily available, by the court itself"; "once such evidence has been produced, the ultimate burden of persuasion shifts back to the prisoner to explain why the past dismissals should not count as strikes"); *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) ("[O]nce a prisoner has been placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude *IFP* status.").

In September 2010, a district court in the Southern District of California issued an order in which it determined that Plaintiff had earned at least three strikes and was therefore barred

---

[1] A prisoner's federal civil action that is dismissed for one of the three reasons listed in § 1915(g), but without prejudice, is still considered a strike for the purposes of the PLRA. *See Lomax*, 140 S. Ct. at 1726-27.

under the three-strikes provision of the PLRA from proceeding IFP. *Davis*, 3:10-CV-1368, 5, at 2-4 (S.D. Cal. Sept. 14, 2010). Plaintiff never appealed that determination.

In an abundance of caution, the Court has conducted its own independent review of the orders relied on by the Southern District of California. *See generally Escalera v. Samaritan Vill.*, 938 F.3d 380, 381-84 (2d Cir. 2019) (where the district court relied on another district court's previous order that concluded that the plaintiff had already accrued five strikes, reversing and remanding, after determining based on an independent review of the language of the dismissal orders themselves, that three of the dismissals should not have been counted as strikes).

Based on this review, the Court has determined that Plaintiff earned at least three strikes before filing the present action. Those strikes include:

1. *Davis v. Coumou*, 3:04-CV-0369, 10 (D. Nev. Sept. 23, 2004) (dismissing for failure to state a claim)

2. *Davis v. Brooks*, 3:04-CV-0373, 5 (D. Nev. Aug. 24, 2004) (dismissing for failure to state a claim with leave to amend); 3:04-CV-0373, 8 (D. Nev. Oct. 25, 2004) (dismissing with prejudice after no amendment filed)

3. *Davis v. Myers*, No. 2:08-CV-4492 (E.D. La. Oct. 1, 2008) (recommending dismissal as frivolous and for failure to state a claim), *report & recommendation adopted*, 2:08-CV-4492, 5 (E.D. La. Oct. 17, 2008)

4. *Davis*, 3:10-CV-1368, 5 (S.D. Cal. Sept. 14, 2010) (dismissing as frivolous and recognizing Plaintiff as barred under the PLRA).

Because Plaintiff has accrued at least three strikes, he is barred under the PLRA from proceeding with this action IFP unless he satisfies the exception to the PLRA's three-strikes provision.

Plaintiff's complaint does not allege facts sufficient to satisfy the exception to the PLRA's three-strikes provision – it fails to show that Plaintiff was under imminent danger of serious

physical injury at the time that he filed his complaint.[2] Instead, Plaintiff, an adult who is incarcerated, sues his parents for their "history of neglect and physical, emotional, and sexual abuse directed at [him] as a child and continuing into young adulthood . . . ." (ECF 2, at 5.)

Because Plaintiff has failed to allege any facts that suggest that he was under imminent danger of serious physical injury at the time that he filed his complaint, he is barred, under the PLRA's three-strikes provision, from proceeding with this action IFP. The Court therefore denies Plaintiff's IFP application and dismisses this action under the PLRA's three-strikes provision without prejudice to Plaintiff's paying the requisite $400.00 in fees to bring this action within 30 days of the date of this order.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's IFP application and dismisses this action without prejudice because Plaintiff is barred under 28 U.S.C. § 1915(g) from proceeding with this action IFP. But the Court grants Plaintiff 30 days from the date of this order to pay the $400.00 in fees to bring this action. If Plaintiff fails to pay the fees within the time allowed, the Court will enter a judgment dismissing this action without prejudice under § 1915(g).

SO ORDERED.

Dated:  November 20, 2020
        New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

---

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).