UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES ANTHONY DAVIS,

                Plaintiff,

- against -

HOSIE DAVIS JR. and BEULAH DAVIS,

                Defendant.

**ORDER**

20 Civ. 8125 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      Plaintiff filed the Complaint on September 29, 2020, alleging "neglect and physical, emotional, and sexual abuse" committed by the Defendants, his parents, while Plaintiff was a minor. (Cmplt. (Dkt. No. 2) at 5-6)

      Judge Stanton, to whom this case was initially assigned, dismissed the Complaint after denying Plaintiff leave to file in forma pauperis pursuant to the Prison Litigation Reform Act's ("PLRA") "three-strikes" provision, which forbids incarcerated prisoners from proceeding in forma pauperis "if the prisoner has, on 3 or more prior occasions, . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." (Nov. 20, 2020 Order (Dkt. No. 3) at 2, 4 (quoting 28 U.S.C. § 1915(g)) (internal quotation marks omitted))

      Plaintiff timely appealed Judge Stanton's order of dismissal and appended to his notice of appeal a July 15, 2020 Order issued by Judge Boulware of the United States District Court for the District of Nevada in Davis v. Neven, No. 2:15-CV-1574 (D. Nev.). In granting Plaintiff leave to appeal in forma pauperis, Judge Stanton concluded that "Plaintiff has been

legally incompetent since the age of fourteen" (Mar. 19, 2021 Order (Dkt. No. 8) at 2-3) based on Judge Boulware's conclusion that Plaintiff suffers from "cognitive impairments [that] negatively impact his ability to consistently and effectively understand and follow abstract, complex, and multistep information and instructions . . . [and that] limit his reading comprehension level to a 6.7 grade level." Davis v. Neven, 2020 WL 4032265, at *1 (D. Nev. July 16, 2020). Judge Stanton further noted that the finding of incompetence "cast[s] serious doubt on [prior] courts' dismissals (when Plaintiff was uncounseled) of his various applications including those relied upon as prior 'strikes' in this Court's November 20, 2020 decision, the subject of [Plaintiff's] present appeal." (Mar. 19, 2021 Order (Dkt. No. 8) at 3) Judge Stanton concluded, however, that while the November 20, 2020 ruling "must be set aside," he "lack[ed] the power to do so, a timely notice of appeal having been filed." (Id.)

The United States Court of Appeals for the Second Circuit remanded the case to the District Court on August 16, 2021, based on Judge Stanton's determination that his November 20, 2020 Order should be vacated. (Dkt. No. 10) Judge Stanton then granted Plaintiff's application to proceed in forma pauperis (Dkt. No. 12) but subsequently dismissed the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). (September 8, 2021 Order (Dkt. No. 13)) "Plaintiff, a Nevada state prisoner . . . alleges that he is a citizen of the State of New York" and further alleges that his parents are New York Citizens – accordingly, Judge Stanton concluded that this Court lacked subject matter jurisdiction under the diversity statute. (Id. at 6-7) Judge Stanton further concluded that because dismissal "for lack of subject-matter jurisdiction [] is not an adjudication on the merits [the Court] need not address the issue of Plaintiff's appearing pro se in this action while he is legally incompetent" and denied Plaintiff leave to amend the Complaint. (Id. at 7 (citations omitted))

Plaintiff filed a notice of appeal on September 20, 2021.  (Dkt. No. 15)

On February 9, 2022, the United States Court of Appeals for the Second Circuit remanded this case to the District Court and ordered this Court to appoint counsel and, once counsel is appointed, grant Plaintiff leave to amend the Complaint.  (Dkt. No. 17)  The Second Circuit noted "that the deficiencies in Appellant's complaint could be cured by an amendment that clarifies whether the parties are diverse and whether Appellant is alleging that his parents sexually abused him as a child."  (Id.)

Accordingly, it is hereby ORDERED that the Pro Se Office of this Court seek Pro Bono counsel for this Plaintiff.

The Clerk of the Court is directed to mail a copy of this order to pro se Plaintiff.

Dated:  New York, New York
April 20, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge